Larry Joe MOORE, and Carolyn Jean Moore, Plaintiffs–Appellants,

v.

FDIC, as Receiver for Huntsville National Bank, et al., Defendants–Appellees.

No. 92–2739
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 15, 1993.

Rehearing Denied July 14, 1993.

---

David L. Thornton, Houston, TX, for plaintiffs-appellants.

Daniel H. Kurtenbach, Washington, DC, for FDIC.

Arthur M. Meyer, Jr., Timothy Gehan, Sifford, Edson & Meyer, Dallas, TX, for Huntsville Nat. Bank, et al.

Robert E. DeLong, Smither Martin Henderson, Morgan, DeLong & Mathis,

Huntsville, TX, for Keeland, Adams, Campbell, Cook, Nash & Neiderhofer.

Michael Kuhn, Raymond L. Gregory, Bracewell & Patterson, Houston, TX, for River Oaks Bank & Brewer.

R. Howard Mashburn, Green & Mashburn, B.D. Griffin, Conroe, TX, for Green.

Before REAVLEY, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

The plaintiffs sued for wrongful foreclosure on their property. The district court granted summary judgment for the defendants. The brief filed by plaintiffs on this appeal contains only conclusions without reference to the record. No issues are acceptably presented in accord with the rules. The appeal is dismissed.

The reasons for the district court's summary judgment were stated in open court, but nothing of this ruling is brought forward in the record. That record stands 8½ inches high. Plaintiffs' brief specifies no place in the record and identifies no proof to support statements to the effect that the foreclosure was made without notice to the plaintiffs and despite the stay of a bankruptcy court. Defendants have answered specifically with reference to contrary summary judgment evidence in the record.

The Federal Rules of Appellate Procedure require references to the record to support statements of fact. R. 28(a)(4), R. 28(e). The Fifth Circuit's Local Rule 28.2.3 states:

> Every assertion in briefs regarding matter in the record shall be supported by a reference to the page number of the original record where the matter relied upon is to be found.

This dismissal will be reconsidered if, with motion for rehearing filed within 14 days, plaintiffs support the motion with a succinct statement of any material issue of fact raised by the summary judgment record, identifying the supporting evidence by page reference and also by reference to the contrary evidence cited by defendants' briefs (with page numbers) and an explanation of why the summary judgment was unwarranted in that respect.

APPEAL DISMISSED.