IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20035
Summary Calendar
_____


IGALIOUS I. MILLS,

Plaintiff-Appellant,

versus

CHARLES S. EGE, III, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 93 2765)
_____
August 31, 1995


Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Igalious Mills ("Mills"), a black male, sued his employer,
Bank One, Texas, N.A. ("Bank One"), and his supervisors, Charles
S. Ege III ("Ege") and Dennis Huffman ("Huffman") alleging racial
discrimination in violation of Title VII of the Civil Rights Act
of 1964, as well as discrimination in violation of ERISA and the

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Equal Pay Act.  The district court granted the defendants' motion for summary judgment, and Mills appeals the portion of the summary judgment relating to his Title VII claim.  We affirm.

## I. Factual Background

Mills worked for Bank One in Port Arthur, Texas as a Credit and Collection Supervisor.  Bank One restructured its collection department and centralized the department's responsibilities in Houston, thereby eliminating Mills' position at the Port Arthur branch office.  After the restructuring, Mills was informed of a similar position in the Houston office as a Collection Specialist, possibly with a higher salary; however, he rejected the position because he was unwilling to relocate and because he believed no firm offer had been made.  Some employees' positions at the Port Arthur branch, including those of three white females, were reclassified rather than eliminated in the restructuring, meaning that their job responsibilities were redefined to absorb additional duties.  Mills applied for other positions at Bank One, including a loan supervisor position that was awarded to a black female, and a branch manager position for which he was also not selected.  Mills eventually accepted a non-supervisory position as a Credit Investigator II, but he resigned from Bank One in September 1992.

In September 1993, Mills filed a complaint in the United States District Court for the Southern District of Texas, against Bank One, Ege and Huffman, alleging racial discrimination

in violation of Title VII. Mills later amended his complaint to include claims under ERISA and the Equal Pay Act. The district court granted the defendants' motion for summary judgment, disposing of Mills' Title VII, ERISA, and Equal Pay Act claims, and entered final judgment on December 20, 1994. Mills only appeals the summary judgment as to his claim of racial discrimination under Title VII; therefore, this court will not address the ERISA and Equal Pay Act claims. Securities Exch. Comm'n v. Recile, 10 F.3d 1093, 1096 (5th Cir. 1993)(noting that issues not raised in appellant's brief are waived). [1]

## II. STANDARD OF REVIEW

We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance. Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).

---

[1] Bank One, Ege and Huffman urge this court to dismiss the appeal because Mills fails to make specific references to the record in his brief. An appeal may be dismissed for failure to provide specific citations to the record as required by Federal Rule of Appellate Procedure 28(a)(4) and Local Rule 28.2.3. Moore v. F.D.I.C., 993 F.2d 106, 107 (5th Cir. 1993). These rules require references to the record to support statements of fact. FED. R. APP. P. 28(a)(4),(e); 5TH CIR. R. 28.2.3. However, the cases in which an appeal has been dismissed for an infraction of this rule involve more egregious omissions than those committed by appellant's attorney in his brief. See Moore, 993 F.2d at 107; Mitchel v. General Elec. Co., 689 F.2d 877(9th Cir. 1982). In these cases, the appellants' failure to reference the record coupled with other factors prevented the appellees from adequately responding and made it impossible for the court to address the claims. Because the record in this case is not so voluminous as to make our examination prohibitive, we will decide the appeal on its merits.

First, we consult the applicable law to ascertain the material factual issues. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994); F.D.I.C. v. Dawson, 4 F.3d 1303, 1306 (5th Cir. 1993), cert. denied, 114 S. Ct. 2673 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Under Rule 56(c), the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Norman, 19 F.3d at 1023. The burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323 (stating that the moving party need not "support its motion with affidavits or other similar materials *negating* the opponent's claim"). A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's claim. Id. at 322.

4

If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Norman</u>, 19 F.3d at 1023.  The burden on the non-moving party is to "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586.

## III. ANALYSIS

In this appeal, Mills claims that the district court erred in granting summary judgment because he raised a genuine issue of fact as to whether the defendants discriminated against him on the basis of race in violation of Title VII.  Section 703(a) of Title VII of the Civil Rights Act of 1964 provides in relevant part:

> It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race . . .

42 U.S.C. § 2000(e)-2(a) (1994).

The Supreme Court has devised an evidentiary procedure for disparate treatment claims that allocates the burden of production and establishes an orderly presentation of proof.  <u>St. Mary's Honor Center v. Hicks</u>, 113 S.Ct. 2742, 2749 (1993); <u>Bodenheimer v. PPG Indus., Inc.</u>, 5 F.3d 955, 957 (5th Cir. 1993). To succeed on a claim of racial discrimination, a plaintiff must first establish by a preponderance of the evidence a prima facie

case by demonstrating that: (1) he belongs to a protected class; (2) he is qualified to hold the position; (3) an adverse employment action occurred; and (4) persons outside the protected class were treated more favorably.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1087 (5th Cir. 1994).

If the plaintiff successfully demonstrates a prima facie case of discrimination, a presumption arises and the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981); Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089 (5th Cir. 1995).

If the defendant succeeds in carrying its burden of production, the presumption "drops out of the picture."  St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993). "[T]he Title VII plaintiff at all times bears the `ultimate burden of persuasion.'" Id. (citations omitted).  To prevail, the plaintiff must show by a preponderance of the evidence not only that the employer's proffered reason for the adverse action was false, but also that discrimination was the real reason. See id. at 2752; Bodenheimer, 5 F.3d at 957 (5th Cir. 1993).[2]

At the summary judgment stage, the issue is whether the Title VII plaintiff has tendered factual evidence that creates a

---

[2] "It is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." St. Mary's, 113 S.Ct. at 2754.

genuine issue of material fact as to whether unlawful discrimination was the employer's real reason for the adverse employment action. Bodenheimer, 5 F.3d at 959; Moore v. Eli Lilly & Co., 990 F.2d 812, 815 (5th Cir.), cert. denied, 114 S. Ct. 467 (1993).

The district court's opinion granting summary judgment organized Mills' rather amorphous allegations into four claims. Mills alleged that Bank One discriminated against him by: (1) demoting him while white employees were retained; (2) forcing him to relocate while not forcing white employees to do so; (3) failing to inform him of open positions; and (4) failing to hire him for certain positions. The district court disposed of each of these claims in turn. While purporting to appeal the district court's entire judgment with respect to his Title VII claims, Mills only presents argument regarding Bank One's failure to hire him for four distinct positions after his Credit and Collection Supervisor position was eliminated. We need not consider issues or arguments not raised in the appellant's brief. Pan E. Exploration Co. v. Hufo Oils, 855 F.2d 1106, 1124 (5th Cir. 1988); see also Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir.) (noting that "an appellant abandons all issues not raised and argued in its initial brief on appeal" (emphasis omitted)), cert. denied, 115 S. Ct. 189 (1994); Securities Exch. Comm'n v. Recile, 10 F.3d 1093, 1096 (5th Cir. 1993).

Therefore, we must only consider whether Mills raised a genuine issue of material fact with respect to whether Bank One

7

discriminated against him in failing to hire him for any of the four positions discussed in his brief. These four positions are: (1) Branch Manager of the Orange, Texas branch; (2) Loan Officer at the Sabine Pass branch; (3) Analyst One at the Port Arthur branch; and (4) Training Officer at the Port Arthur branch. As a first step, Mills must have produced evidence to the trial court supporting a prima facie case of employment discrimination--(1) that he was a member of a protected class; (2) that he applied for and was qualified for the position; (3) that he was not hired; and (4) that the position remained open or was filled by someone outside the protected class. Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1087 (5th Cir. 1994). Mills failed to defeat the defendants' motion for summary judgment, however, because he offered no evidence supporting this prima facie case. Mills' affidavit demonstrates his membership in a protected class; but he failed to produce evidence that he applied for these four particular positions, that he was qualified to hold these positions, or that these particular positions were filled by persons outside the protected class. Mills' affidavit contains a statement that he "was qualified for several positions filled by white males and females." Although we consider the evidence in the light most favorable to the non-moving party, a plaintiff cannot successfully oppose a motion for summary judgment with conclusory allegations unsupported by concrete and particular facts. Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Topalian v. Ehrman, 954 F.2d 1125 (5th Cir.)

("mere conclusory allegations are not competent summary judgment evidence"), cert. denied, 113 S. Ct. 82 (1992); International Ass'n of Machinists and Aerospace Workers, AFL-CIO, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). In his brief, Mills alludes to discovery responses and deposition testimony that apparently would show that he was qualified, that he applied for these positions, and that they were filled by whites; however, neither the discovery responses nor the deposition transcript were attached to his response to the summary judgment motion, nor were the discovery responses and deposition brought forward to this court as part of the record. Indeed, the only portion of the deposition made part of the record was attached to the defendant's reply to Mills' response to their motion for summary judgment. The defendants' included these deposition pages to demonstrate their lack of support for the allegations for which the deposition excerpts were cited in Mills' response. The responsibility of ensuring that relevant parts of the record are brought forward on appeal rests with the appellant. See FED. R. APP. P. 10. Furthermore, in reviewing a summary judgment, we must limit our inquiry to the summary judgment record before the trial court; the parties cannot propose new evidence, theories or issues on appeal. Topalian, 954 F.2d at 1131 n.10; John v. Louisiana(Bd. of Trustees for State Colleges and Univ.), 757 F.2d 698, 710 (5th Cir. 1985). Because Mills failed to produce any summary judgment evidence raising a genuine issue of material fact that the defendants

discriminated against him on the basis of race, the district court correctly granted summary judgment in favor of Bank One, Ege, and Huffman.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.