IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-41270
Summary Calendar
_____


FEDERAL DEPOSIT INSURANCE CORPORATION, As Manager of the
FSLIC Resolution Fund,

                    Plaintiff-Appellee,

     v.

Z & S REALTY COMPANY; SCHMUEL S PINTER,

                    Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-96-CV-180)
_____
November 28, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     In a motion for panel rehearing, defendants-appellants Z & S

Realty Company and Schmuel S. Pinter seek to reinstate their

appeal following its dismissal by this court for inadequate

briefing.  In their appellate brief, defendants-appellants argue

that the district court erred in denying their motion for

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continuance.  In addition, they claim that the district court incorrectly awarded plaintiff-appellee Federal Deposit Insurance Corporation judgment against them on a non-recourse note and incorrectly awarded plaintiff-appellee attorney's fees without contemporaneous time records.  We grant defendants-appellants petition for panel rehearing and reinstate their appeal, and we affirm the judgment of the district court.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiff-appellee Federal Deposit Insurance Corporation ("FDIC"), as Manager of the FSLIC Resolution Fund, filed this civil action against Z & S Realty Co. and its general partner, Schmuel S. Pinter (collectively, "Defendants"), alleging that Defendants had executed a note secured by real property and that the FDIC had become a holder of that note by assignment.  Upon Defendants' failure to pay the note when due, the FDIC foreclosed and later bought the property at the foreclosure sale.  After Defendants refused to relinquish possession of the property, the FDIC sought a temporary restraining order and an injunction directing them to turn over possession of the property.  The FDIC also sought monetary damages in the form of (1) attorney's fees incurred to obtain possession of the property and to collect the amount due under the note, (2) attorney's fees incurred as a result of Defendants' failed attempt to have the FDIC's attorney sanctioned, and (3) damages under the partial-recourse provisions

2

of the note for deficiency due to Defendants' failure to maintain the property and for rentals received after default on the note.

On September 12, 1996, the magistrate judge held an evidentiary hearing to determine the FDIC's damages. Thereafter, the district court, relying on the magistrate judge's recommended findings of fact and conclusions of law, rendered judgment for the FDIC, ordering that the FDIC was entitled to possession of the real property and enjoining Defendants from interfering with said possession. The district court also ordered Defendants to pay damages of $17,872.25 plus interest for the unpaid principal balance of the note out of the rents collected by Defendants after the foreclosure. Finally, the district court awarded the FDIC attorney's fees totaling $28,169.35.

## II. DISCUSSION

### A. *Motion for Rehearing*

Defendants appealed the district court's judgment, and this court dismissed their appeal for failure to file a brief with adequate record citations pursuant to Federal Rule of Appellate Procedure 28(a)(4) and Fifth Circuit Rule 28.2.3. See Moore v. FDIC, 993 F.2d 106, 107 (5th Cir. 1993). We noted that we would reconsider the dismissal if Defendants filed a motion for rehearing accompanied by a sufficient amended brief within forty-five days. Because we find that Defendants' amended brief complies with applicable Rules of Appellate Procedure and Fifth

3

Circuit Rules, we hereby reinstate the appeal.

**B.   *Continuance***

Defendants argue that the magistrate judge erred by refusing to grant their motion for continuance of an evidentiary hearing that conflicted with the Jewish holiday of Rosh Hashanah and took place while Pinter's mother was hospitalized.  We disagree.

This court reviews a magistrate judge's denial of a motion for continuance for abuse of discretion.  <u>See</u> <u>Dorsey v. Scott Wetzel Servs., Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996).  As the scope of that discretion is extremely wide, <u>Command-Aire Corp. v. Ontario Mechanical Sales and Serv., Inc.</u>, 963 F.2d 90, 96 (5th Cir. 1992), this court will affirm such a ruling unless it was arbitrary or clearly unreasonable, <u>Transamerica Ins. Co. v. Avnell</u>, 66 F.3d 715, 721 (5th Cir. 1995).

In an order issued on May 17, 1996, the district court scheduled an evidentiary hearing on damages for Friday, July 19, 1996.  Pinter moved for continuance because of the Sabbath, and although the district court initially denied the request, it later granted the continuance out of concern for Pinter's religious beliefs.  It therefore canceled the hearing and referred the matter to a magistrate judge.

In an order issued on July 17, 1996, the magistrate judge rescheduled the hearing for August 7, 1996.  Two days before the hearing, Pinter's newly retained counsel filed a motion for

4

continuance, which the magistrate judge granted. In an order issued on August 5, 1996, the magistrate reset the hearing for September 12, 1996. On September 4, only eight days before the hearing and one month after the hearing date was set, Pinter again moved for continuance because September 14 was the Jewish holiday Rosh Hashanah. Additionally, two days before the hearing, Pinter filed a letter, not in the form of a formal pleading, again requesting continuance of the hearing. Attached to the letter was an unauthenticated, handwritten note stating that Pinter's mother was in the hospital. The magistrate judge denied the continuance, noting that the request was not in proper pleading form, the note was not authenticated, and the hearing could be completed in time for Pinter to participate in the holiday. In view of these facts, we cannot say that the magistrate judge abused his discretion in denying Pinter's request for continuance.

### C. *Judgment for Deficiency out of Rents*

Defendants next argue that the district court erred in awarding a deficiency judgment on a partial non-recourse note. Although the note lists several exceptions to its non-recourse provisions, Defendants claim that only one exception, exception (g), might apply to this case and that the FDIC waived the application of that exception in its closing argument.

The FDIC responds that although Defendants objected to the

5

magistrate judge's ultimate conclusion, they did not specifically object to the sufficiency of the proof or argue that the FDIC had waived its claim to the deficiency. They therefore argue that this court should review the district court's decision only for plain error. They further contend that they did not waive their claim to the deficiency. We agree.

Exception (g) of the note allows recourse for "rentals received by or on behalf of Maker subsequent to the default by Maker under this note or any Security Documents." The FDIC introduced proof that the property was in default as of February 1995, that it foreclosed on March 5, 1995, that the Defendants received over $192,000 in rentals after the default occurred, and that after the foreclosure sale a deficiency of $17,872.25 remained. In accordance with this evidence, the magistrate judge found that the FDIC was entitled to recover $17,872.25 plus interest.

This circuit has determined that a party's failure to object to a magistrate judge's report and recommendation should be treated as a forfeiture and therefore is reviewed only for plain error. Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). We have explained that

> failure to object timely to a magistrate judge's report and recommendation bars a party, except upon grounds of plain error . . . from attacking on appeal not only the proposed factual findings . . . but also the proposed legal conclusions, accepted . . . by the district court, provided that the party has been served with notice that such consequences will result from a

6

failure to object.

Id. at 1417.  In this case, Defendants were advised of the consequences of failing to object properly.  Although Defendants filed written objections, they did not argue that the FDIC had waived its claim for the amount of the deficiency,[1] and our review is therefore limited to plain error.  Thus, in order to prevail, Defendants must show "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).

Having reviewed the record, we can find no evidence that the FDIC waived its claim to the deficiency.  Even the portion of the hearing transcript cited by Defendants does not support their

---

[1]    Defendants' entire objection to the magistrate judge's recommendation that they be held liable for the deficiency plus interest reads as follows:

> Defendants object to the finding that they are bound and liable for interest on the unpaid principal balance of SEVENTEEN THOUSAND EIGHT HUNDRED SEVENTY TWO AND 25/100 ($17,872.25) from March 5, 1996 at a rate of 18% per annum until entry of judgment because of pursuant to Plaintiff's Exhibit 1, this is a non-recourse note and that the individual Defendants are not liable for any type of deficiency judgment, absent specific circumstances that are not applicable here.

7

waiver contention.  Further, Defendants offer no argument that the district court's legal conclusions were in error, and the record contains adequate proof of the damages.  We therefore find that the district court did not err in holding that the FDIC was entitled to $17,872.25 plus interest out of the rentals recovered after Defendants defaulted.

### D.  *Proof of Attorney's Fees*

Relying on Fifth Circuit Rule 47.8.1, Defendants next argue that the district court erred in awarding $7,390.62 in attorney's fees to the FDIC's New York counsel because the fees were not proved by contemporaneous time records.  In response, the FDIC argues that Rule 47.8.1 does not require that the records be produced to the court unless the reasonableness of the hours claimed becomes an issue and the parties are unable to resolve it.  They claim that because Defendants never questioned the reasonableness of the hours claimed and never requested that the contemporaneous time records be produced, the district court did not err in awarding them fees.

The issue of attorney's fees arose after Pinter filed a motion for sanctions against Walter Cooke, the FDIC's counsel, in a bankruptcy proceeding involving a company known as Hardware by Kramer, Inc.  Cooke hired the New York law firm of Fox & Horan to represent him, and the FDIC agreed to reimburse him.  Cooke testified at the evidentiary hearing to prove up the attorney's

fees, and the record also includes a summary of Fox & Horan's work. Additionally, the court admitted into evidence the deposition of Kathleen Kundar, the attorney who performed the majority of the legal services. Kundar testified about the number of hours that her firm spent on the matter and described the services rendered. Defendants' counsel cross-examined her about the time that she spent on the matter. Although he questioned Kundar as to whether she had prepared contemporaneous time records, which she had, Defendants' counsel did not request the records. Nevertheless, at the evidentiary hearing, Defendants objected to the lack of contemporaneous time records, arguing that the summary that had been provided to them was insufficient. The magistrate judge overruled the objection and stated that it would review the deposition testimony. It then recommended an award of $7,390.62 to the FDIC, and the district court adopted that recommendation.

We review both the district court's decision to grant attorney's fees to a prevailing party and its decision regarding the amount of fees awarded for abuse of discretion. See Heasley v. Commissioner of Internal Revenue, 967 F.2d 116, 123 (5th Cir. 1992). We review the district court's subsidiary findings of fact only for clear error. See id.

Fifth Circuit Rule 47.8.1 states that "[p]etitions or motions for the award of attorney's fees should always be supported by contemporaneous time records recording all work for

9

which a fee is claimed and reflecting the hours or fractional hours of work done and the specific professional level of services performed by each lawyer for whom compensation is sought." 5TH CIR. R. 47.8.1.[2] Nevertheless, this court has held that "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 325 (5th Cir. 1995); see also Dennis v. Warren, 779 F.2d 245, 249 (5th Cir. 1985) (upholding district court's award of attorney's fees despite lack of contemporaneous records). In this case, the request for attorney's fees was supported by the sworn deposition testimony of Kundar and by a summary of her work. In addition, Kundar was subject to cross-examination by Defendants' attorney, who did not request that she provide Defendants with copies of

---

[2] This court has not held that Fifth Circuit Rule 47.8.1 applies to a district court's award of attorney's fees. In Purcell v. Seguin State Bank and Trust Co., 999 F.2d 950 (5th Cir. 1993), this court held that Western District of Texas Local Rule CV-7(j), rather than Fifth Circuit Rule 47.8.1 applied. Id. at 962. The Southern District has no comparable rule, and in other cases this court has failed to clarify the applicability of Rule 47.8.1 to district court proceedings. See, e.g., Alberti v. Klevenhagen, 896 F.2d 927, 931 (discussing pre-1983 award of attorney's fees by district court and noting that Fifth Circuit Rule 47.8.1 applies to later awards of attorney's fees), vacated in part on other grounds, 903 F.2d 352 (5th Cir. 1990); Dennis v. Warren, 779 F.2d 245, 249 (5th Cir. 1985) (declining to decide whether Fifth Circuit Rule 47.8.1 applied to a district court proceeding). While we assume, solely for purposes of this appeal, that Rule 47.8.1 does apply to the district court's award of attorney's fees, we decline to express an opinion on the merits of that issue.

the contemporaneous records that she testified she had made. More importantly, Defendants do not complain that the fees awarded were unreasonable, nor do they challenge the legal basis for the fees. Additionally, Defendants have neither argued nor attempted to demonstrate that they were prejudiced by the lack of contemporaneous records. We therefore conclude that the district court did not abuse its discretion in awarding the FDIC the requested attorney's fees.

### III. CONCLUSION

For the foregoing reasons, the motion for rehearing is GRANTED, the appeal is REINSTATED, and the judgment of the district court is AFFIRMED.