**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**August 19, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31132
Conference Calendar

_____

VINCENT MARK CASTILLO,

Plaintiff-Appellant,

versus

MELISSA HEBERT, Parole Officer; MICHAEL MCNULTY, Judge;
JOE ROBERTS, Assistant District Attorney; HARRY LEE;
UNIDENTIFIED PARTIES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-792
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Vincent Mark Castillo, proceeding pro se and in forma

pauperis, appeals the dismissal with prejudice of his 42 U.S.C.

§ 1983 complaint.

Castillo does not challenge the district court's reasons for

dismissing his claims against the various defendants related to

the probation revocation proceedings.  See Brinkmann v. Dallas

County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

He merely reiterates his assertion that he was never actually on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

probation and that the revocation proceeding was thus unlawful. Thus, Castillo has abandoned any challenge to the district court's reasons for dismissing his claims concerning the probation revocation proceeding.  See id.

Liberally construed, Castillo's brief contains an assertion that the district court erred in dismissing his claims with prejudice after he sought leave to withdraw them until such time as the Heck[**] conditions were met.  Castillo has not shown that the district court erred in dismissing his claims with prejudice. Boyd v. Biggers, 31 F.3d 279, 282-84 (5th Cir. 1994).

To the extent that Castillo seeks habeas corpus relief with respect to his probation revocation proceeding, this appeal from the dismissal of his 42 U.S.C. § 1983 complaint is not the proper forum within which to seek such relief.  Castillo's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

Castillo is cautioned that future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. He is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

---

[**]  Heck v. Humphrey, 512 U.S. 477 (1994).