United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-31203
Conference Calendar

———————————

VINCENT MARK CASTILLO,

                                        Plaintiff-Appellant,

versus

STEVEN ASPARION; MICHAEL ARCULETA; IRENE WHARTON;
UNIDENTIFIED PARTIES; LOUIS STEWART, Police Officer;
PATRICK GALLAGHER, Police Officer; KEVIN TREIGLE,
Police Officer; LAWRENCE LACROUTS, Police Officer;
EDDIE ROSE, Police Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-29
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Vincent Mark Castillo, Louisiana prisoner # 428777, filed

this 42 U.S.C. § 1983 action on November 30, 2002, while he was

out on parole.  During the pendency of the litigation, Castillo

was reincarcerated.  The district court granted the defendants'

FED. R. CIV. P. 12(b)(6) motion to dismiss and dismissed this

action with prejudice, concluding that Castillo had failed to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state a claim under either the First or Fourth Amendment against any of the defendants.

Castillo appeals, listing five issues on appeal in which he poses general questions not tied to the facts in his case or to the reasons of the district court in dismissing his action. In his statement of facts, Castillo repeats the allegations stated in his complaint with no citations to the record. He makes general statements of law, citing a few First and Fourth Amendment cases, but he makes no attempt to integrate these cases into an argument about why, based on the facts he alleged, the district court erred in dismissing his complaint because he had failed to state a claim.

Castillo's appeal is subject to dismissal for failure to comply with the rules requiring citations to the record and relevant legal authority. See Moore v. FDIC, 993 F.2d 106, 107 (5th Cir. 1993); FED. R. APP. P. 28(a).

Further, Castillo does not state why the district court's reasons for dismissal are erroneous. He does not address the merits of the district court's opinion. Failure to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Castillo's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.

1983).  Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5TH CIR. R. 42.2.

Castillo has been a frequent litigant in this court. Castillo has one strike under 28 U.S.C. § 1915(g) for the dismissal of his appeal as frivolous in <u>Castillo v. State of Louisiana</u>, No. 03-30856 (5th Cir. Feb. 18, 2004).  The district court's dismissal of his claims for failure to state a claim under FED. R. CIV. P. 12(b)(6) in this case does not count as a strike under 28 U.S.C. § 1915(g) because Castillo was not incarcerated when he filed this complaint.  <u>See</u> <u>Gay v. Texas Department of Corrections</u>, 117 F.3d 240, 241-42 (5th Cir. 1997) (application of PLRA depends upon whether the litigant was incarcerated at the time of filing).  Castillo is hereby informed that the dismissal of this appeal as frivolous counts as his second strike for purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  Castillo is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In <u>Castillo v. Hebert</u>, No. 02-31132 (5th Cir. Aug. 19, 2003), this court warned Castillo that future frivolous appeals would invite sanctions.  Castillo is ORDERED to pay sanctions in

the amount of $255, payable to the Clerk of this Court. The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any pro se civil complaint or appeal by Castillo unless Castillo submits proof of satisfaction of this sanction. If Castillo attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) WARNING ISSUED; MONETARY SANCTION IMPOSED.