United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10539
Conference Calendar

_____

MOHAMMED HAMID DEHGHANI,

Plaintiff-Appellant,

versus

RICHARD D. VOGELGESANG, Warden; MICHAEL D. SAVERS, Assistant
Warden; DENNIS MARKGRAF, Captain; DOUG DRETKE, TDC Director,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-240
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Mohammed Hamid Dehghani, Texas prisoner # 881419, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). Dehghani alleged violations of his constitutional rights arising out of his placement in solitary confinement and the institution of disciplinary proceedings against him. We review a dismissal of a prisoner complaint as frivolous for abuse of discretion, <u>see</u> <u>Berry v. Brady</u>, 192 F.3d

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

504, 507 (5th Cir. 1999), and for failure to state a claim de novo.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

With respect to placement in solitary confinement, it is settled law that disciplinary segregation does not present the type of "atypical, significant deprivation in which a State might conceivably create a liberty interest."  Sandin v. Conner, 515 U.S. 472, 486 (1995).  Dehghani's eight days in solitary confinement do not give rise to a constitutional claim.  See id.

Dehghani's contention that there was no probable cause for bringing a disciplinary proceeding effectively alleges a claim of malicious prosecution.  See Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003)(en banc).  As the district court properly held, a freestanding assertion of malicious prosecution does not give rise to a constitutional claim.  See id.

Finally, Dehghani has failed to show any error in the district court's denial of his motion for appointment of counsel. The motion was ordered unfiled for noncompliance with a general order, and Dehghani took no steps to bring the motion into compliance.  In addition, Dehghani has not established any circumstances warranting appointment of counsel.  See Castro Romero v. Becken, 256 F.3d 349, 354 (5th Cir. 2001).

As this appeal lacks any arguable merit, we dismiss it as frivolous.  See 5TH CIR. R. 42.2; Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  The dismissal by the district court of Dehghani's suit and the dismissal of this appeal as frivolous

count as two strikes under 28 U.S.C. § 1915(g).  See Adepegba, 103 F.3d at 387-88.  In addition, Dehghani has accumulated two strikes in Dehghani v. Vogelgesang, Case No. 06-10547, decided on this same date.  As Dehghani has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.