**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
July 10, 2009

No. 06-31304
Summary Calendar

DAN ARVIE,

Plaintiff-Appellant

v.

DIAMOND OFFSHORE DRILLING, INC.,

Defendant-Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:05-CV-2664

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Dan Arvie allegedly sustained injuries while working a seaman for Diamond Offshore Drilling, Inc. Arvie sued Diamond for negligence and unseaworthiness under the Jones Act, 46 U.S.C. § 30104, and for maintenance and cure. A jury returned a verdict in favor of Diamond on all counts, and Arvie appealed without counsel. In a brief to this court, an appellant's argument section must contain the "appellant's contentions and the reasons for them, with

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A); *see Moore v. FDIC*, 993 F.2d 106, 107 (5th Cir. 1993). The argument section of Arvie's brief, in its entirety, reads as follows: "There was enough evidence for the jury to find the Defendant Diamond at least 51% responsible. When there is enough evidence the jury cannot decide there was no negligence." Without further citation to authorities or the record, Arvie then requests a new trial. Such briefing fails to comply with Federal Rule of Appellate Procedure 28, meriting dismissal. *See Moore*, 993 F.2d at 107. We will, of course, consider a motion for rehearing if the motion is supported by adequate briefing. *See id.*[1]

For the foregoing reasons, the appeal is DISMISSED.

---

[1] Our preliminary review of the record fails to reveal any motion for a pre-submission or post-verdict judgment as a matter of law. *See* Fed. R. Civ. P. 50(a)–(b). In the absence of such a motion, an appellate court may not review a jury verdict in a civil action. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006); *Downey v. Strain*, 510 F.3d 534, 542–43 (5th Cir. 2007). Because we dismiss the appeal for failure to comply with our briefing rules, we need not decide whether a party's failure to properly move for a judgment as a matter of law deprives us of jurisdiction. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). *Compare Allison v. City of E. Lansing*, 484 F.3d 874, 876 (6th Cir. 2007) ("Given *Unitherm Food*'s holding, it is now clear that renewing the motion post-verdict is jurisdictional and cannot be waived."), *with Kelley v. City of Albuquerque*, 542 F.3d 802, 817 n.15 (10th Cir. 2008) ("The Sixth Circuit's view is open to question because of the Supreme Court's subsequent decision in *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 2365, 168 L.Ed.2d 96 (2007).").