# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2018

Lyle W. Cayce
Clerk

No. 17-60695
Summary Calendar

SCOOTER LYNN ROBINSON,

Plaintiff - Appellant

v.

JULIUS ANDERSON, Lieutenant, SHANQUITA ROWAN, Sergeant;
ALONZO HARVEY, officer; JOHN DOE,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:16-CV-41

Before BARKSDALE, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Scooter Lynn Robinson, Mississippi prisoner # L1529, and proceeding *pro se* on appeal, sued pursuant to 42 U.S.C. § 1983 for a variety of claims associated with his incarceration. This court dismissed his appeal as to all but three defendants for failure to brief his claims against those defendants. His remaining claims fail against the remaining defendants.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60695

One of those remaining claims is for excessive force, in which Robinson alleges:  Julius Anderson sprayed him with a chemical agent (mace) while he was using a wall phone; and, in response to the altercation that ensued, placed him in a segregation cell without water, lights, or an intercom.  The district court dismissed the excessive-force claim for failure to exhaust administrative remedies; and, in construing the segregation-cell claim as a condition of confinement, dismissed it for failure to present evidence creating a genuine dispute of material fact on whether cell conditions created a health and safety risk.  In the two other remaining claims, the district court construed a purported retaliation claim against Alonzo Harvey and Shanquita Rowan as a due-process claim, and dismissed it for failure to implicate a constitutionally-protected liberty interest.

A summary judgment is reviewed *de novo*, applying the same standards as the district court.  *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).  To the extent Robinson makes any assertions relevant to the dismissal of any claim, he merely repeats the bare, conclusory allegations of his initial complaint.  Because Robinson has failed to identify any legal point of "arguable merit", this appeal is DISMISSED AS FRIVOLOUS.  *See* 5th Cir. R. 42.2; *Dehghani v. Vogelgesang*, 229 F. App'x 282, 284 (5th Cir. 2007); *Smith v. McCleod*, 946 F.2d 417, 418 (5th Cir. 1991).

Accordingly, a "strike" is imposed against Robinson under 28 U.S.C. § 1915(g).  Robinson is WARNED that, if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal unless he "is under imminent danger of serious physical injury".  § 1915(g).  Robinson is also WARNED that, regardless of the bar of § 1915(g), future frivolous filings will also subject him to monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.  *Castillo v. Asparion*,

No. 17-60695

109 F. App'x 653, 655 (5th Cir. 2004); *Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir. 1988).

The district court erroneously imposed a strike in its partial dismissal for failure to state a claim. Partial dismissals may not qualify as a strike under our precedent, and that strike is therefore vacated. *See Brown v. Megg*, 857 F.3d 287, 290–91 (5th Cir. 2017).

DISMISSED AS FRIVOLOUS, VACATED IN PART.