# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2019

Lyle W. Cayce
Clerk

AARON WALLACE,

      Plaintiff - Appellant

v.

BRITISH PETROLEUM, All Parties; UNITED STATES GOVERNMENT;
UNITED STATES COAST GUARD, NPFC CA MS 7100,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6153

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Aaron Wallace, proceeding *pro se*, appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. Wallace's suit alleges that the defendants defrauded him into providing them his blueprints for the method that ultimately contained the Deepwater Horizon oil spill pursuant to a conspiracy involving the federal government, BP, Kevin Costner, and the "old

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31196

partners in crime," Michelle Obama and George W. Bush. This conspiracy resulted in the defendants' appropriation of his blueprints without compensation, unjustly enriching the defendants. Wallace sought $3 million in damages stemming from this fraudulent misrepresentation. The district court dismissed Wallace's claims against the federal government for lack of subject matter jurisdiction. On appeal, Wallace makes various new arguments and re-raises the merits questions the district court refused to consider on jurisdictional grounds. The defendants argue that Wallace has failed to provide adequate briefing on the dispositive jurisdictional question. We agree.

"Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)). Wallace's brief consists almost entirely of a rehashing of the merits of his claims below and of raising new theories of collusion by the defendants. He does not substantively address the district court's reasoning or attempt to identify any particular error therein. He makes no attempt to explain why the district court did in fact have subject matter jurisdiction over his appeal or cite any source of law indicating that the district court erred on the jurisdictional issue. On appeal, Wallace has thus failed to make a legal argument of "arguable merit" that the district court erred in dismissing his case for lack of subject matter jurisdiction. His claims on appeal are therefore frivolous and his appeal is DISMISSED. *See* 5TH CIR. R. 42.2; *see also Castillo v. Asparion*, 109 F. App'x 653, 654 (5th Cir. 2004) ("Failure to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment." (citing *Brinkmann v. Dallas County Deputy Sherriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987))).

APPEAL DISMISSED.

2