# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2026

Lyle W. Cayce
Clerk

No. 25-20176

IN THE MATTER OF SOUTH COAST SUPPLY COMPANY,

*Debtor*,

BRIAR CAPITAL WORKING FUND CAPITAL, L.L.C., *as assignee of South Coast Supply Company*,

*Appellant*,

*versus*

ROBERT W. REMMERT,

*Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2867

_____

Before RICHMAN, DUNCAN, and OLDHAM, *Circuit Judges*.
STUART KYLE DUNCAN, *Circuit Judge*:

This appeal arises from the chapter 11 bankruptcy of South Coast Supply Company ("South Coast"), an oil and gas product distribution company. Around 2011, Appellant Briar Capital Working Fund Capital LLC ("Briar Capital") began providing financing to South Coast secured by its inventory and accounts receivable. When oil prices rapidly declined in 2014,

No. 25-20176

South Coast suffered significant financial losses, leading Briar Capital to limit funding available to South Coast. Appellee Robert Remmert, South Coast's Chief Operating Officer and Executive Vice President, attempted to save South Coast by loaning it $800,000. South Coast paid Remmert back via checks as funds became available, consistent with industry standards. Remmert ultimately received thirty-one checks from South Coast totaling $320,628.04.

Despite Remmert's loan and Briar Capital's financing, South Coast's finances did not improve. In 2017, South Coast filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). South Coast initiated a preference claim against Remmert seeking recovery of the $320,628.04 in loan payments. In August 2018, the Bankruptcy Court confirmed South Coast's bankruptcy plan, which assigned the preference claim to Briar Capital.

The case was reassigned to the district court upon recommendation of the Bankruptcy Court. Remmert moved to dismiss the case for lack of subject-matter jurisdiction, which the district court granted, but a panel of this Court reversed and remanded. *See Briar Cap. Working Fund Cap., LLC v. Remmert*, No. 4:18-CV-2867, 2022 WL 4137840 (S.D. Tex. Sep. 12, 2022), *rev'd and remanded by*, *In re S. Coast Supply Co.*, 91 F.4th 376 (5th Cir. 2024).

On remand, the district court held a jury trial on the preference claim, in which the jury answered one question: whether Briar Capital established that the $320,628.04 loan payments to Remmert allowed him to receive more than he would have received upon a hypothetical liquidation in a Chapter 7 bankruptcy. *See* 11 U.S.C. § 547(b)(5); *In re El Paso Refinery, LP*, 171 F.3d 249, 253–54 (5th Cir. 1999). The jury answered "no," meaning Briar Capital did not prevail on its preference claim against Remmert.

No. 25-20176

Briar Capital did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Nor did it file a Rule 50(b) postverdict motion or a Rule 59 motion for a new trial.

Briar Capital now appeals the jury verdict based on legal insufficiency of the evidence. But because Briar Capital admittedly failed to file motions under Federal Rules of Procedure 50(a) and 50(b), it has waived appellate review of the sufficiency of the evidence. *See Downey v. Strain*, 510 F.3d 534, 543–44 (5th Cir. 2007) (citing *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006)). "[A] party who wishes to appeal on grounds of insufficient evidence must make a Rule 50(b) motion for judgment as a matter of law after the jury's verdict . . . ." *Ibid.* (citing *Unitherm*, 546 U.S. at 400–01); *see also Marquette Transp. Co. Gulf-Inland, L.L.C. v. Navigation Mar. Bulgare JSC*, 87 F.4th 678, 686–87 (5th Cir. 2023). Briar Capital's failure to do so leaves us "powerless to review the sufficiency of the evidence." *Johnson v. Moring*, No. 24-30385, 2025 WL 1984266, at *2 (5th Cir. July 17, 2025); *see also Arvie v. Diamond Offshore Drilling, Inc.*, 349 F. App'x 868, 869 n.1 (5th Cir. 2009) ("In the absence of [a Rule 50(a) or (b)] motion, an appellate court may not review a jury verdict in a civil action.").

Briar Capital insists that, even absent Rule 50 motions, we can still review the jury's verdict for plain error. Briar Capital cites several Fifth Circuit cases in support of this proposition. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277 (5th Cir. 2007); *Shepherd v. Dall. Cnty.*, 591 F.3d 445 (5th Cir. 2009); *Moss v. Princip*, 913 F.3d 508 (5th Cir. 2019). But a different panel of our court has rejected this exact argument, citing Supreme Court precedent and our rule of orderliness: "our earliest cases following *Unitherm* held that we are powerless to review sufficiency of the evidence absent a Rule 50(b) motion, even for plain error." *Johnson*, 2025 WL 1984266, at *1 n.2. We agree. In the absence of a Rule 50 motion, there is no basis for us to review the jury verdict.

In any event, even under a plain error standard, Briar Capital has not demonstrated that *no* evidence supports the jury's verdict. *See Navigant Consulting*, 508 F.3d at 292 ("Under plain error review, we must decide whether there was any evidence to support the jury verdict." (quotations omitted)). Briar Capital presents pages of charts and calculations purportedly proving that "[a]ll the evidence shows that . . . Remmert[] would not have received full payment of [his] claims" in a hypothetical Chapter 7 bankruptcy. But, as Remmert points out, the jury only saw those charts and calculations during Briar Capital's closing argument—which does not count as evidence. *See United States v. Wilson*, 143 F.4th 647, 651 (5th Cir. 2025). The jury did hear testimony that South Coast's assets may have been undervalued, that certain obligations may have been collectable, and numerous other uncertainties about South Coast's financial status. This is certainly *some* evidence to support the jury's verdict, and some evidence is all that is needed. *See Navigant Consulting*, 508 F.3d at 292 ("If any evidence exists that supports the verdict, it will be upheld." (quotation omitted)).

AFFIRMED.